This was an action to recover possession of certain premises under the provisions of the act of Congress to regulate proceedings between landlords and tenants, instituted before B. W. Ferguson, a justice of the peace in and for the District of Columbia. Judgment was rendered therein in favor of the plaintiff on the 30th day of September, 1876, and on the 10th of October following, a writ of restitution was issued by the justice to execute the aforesaid judgment. On the 14th day of October, the defendant, Henrietta H. Cole, filed an *72 appeal bond, and the writ was returned unexecuted. October 17, the plaintiff’s attorney filed a written order with the justice, directing him to issue an alias writ of restitution, which he declined to do by reason of the appeal in the case which he had allowed, and the taking of a satisfactory appeal bond, upon which the papers in the case had been forwarded to the clerk of this court. On the 18th of October the plaintiff, upon hjs petition, [procured a writ of mandamus from the chief justice of this court requiring the said justice of the peace to forthwith issue a wzit of restitution in execution of the judgment aforesaid. A motion to quash this wzit of mandamus was made at the . special term and overruled, and an appeal was taken to the general tez-m. The plaintiff also made a motion at the special term to dismiss the appeal taken by the defendant from the judgment of the justice of the peace to this court as aforesaid, for the following reasons, to wit: That the appeal bond was not filed within ten days after the judgment, as required by rule 105 of this couzi; that z'ules 107 and 116 were not complied with; that no bond has been filed as requh'ed by sections 689 and 1028 of the Revised Statutes relating to this District, and because the defendant has waived the right to appeal, &c. This motion to diszzziss is, at the request of the parties, to be heard in general term in the first izistance.
Kule 105, above referred to, requires that when an appeal from a justice of the peace is to operate as a supersedeas, an undertaking must be filed within six days, Sunday exclusive, and when not so to operate, within ten days after the rendition of the judgment complaizzed of; and the preceding rule declares that no appeal shall be allowed frozn a judgment of •a justice of the peace, unless the appellant enter into an undertaking to satisfy all intervening damages and costs azdsing on the .appeal. In this connectiozi reference is also made to sectiozi 689 of the statutes relative to this District, in the chapter entitled “Lándloz’d and Tenant,” which provides that in case of an appeal by a defendazzt, he shall, izz addition to the bail required in other cases, recogzzize in a reasonable *73 sum to the complainant, to be fixed by the justice, conditioned to pay all intervening damages to the leased property resulting from waste and intervening rent for the premises. The condition of the appeal bond does not provide for the damages contemplated by the rules of court.
The appeal from the order made at special term sustaining the mandamus and the motion to dismiss the appeal from the magistrate were argued together, and the court in general term were unanimously of opinion that the former ought to be affirmed, and that the motion to dismiss ought to be allowed, as no appeal bond whatever was given, as required by rules of court, within ten days after the rendition of the judgment; and there is no discretion to be exercised by the magistrate which authorizes him to take a bond after the expiration of the time prescribed by the rule to which he must conform his practice in all cases of appeal.
Ordered accordingly.